# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1037V
Filed: March 30, 2018
UNPUBLISHED

| | |
|---|---|
| REGINA O. FLETCHER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Christopher Davidson Fletcher, Rawson Merrigan & Litner, LLP, Boston, MA, for petitioner.*
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  Having resolved this case via stipulation awarding petitioner $150,000.00 for her SIRVA, petitioner's counsel has filed a motion for attorneys' fees and costs which included $43,548.75 in attorneys' fees and cost of $584.86 for a total of $44,097.61. (ECF No. 37). For the reasons discussed below, petitioner's attorneys' fees are reduced to $30,366.25 and petitioner's costs are awarded in the amount requested for a total award of $30,951.11.

  **1. Procedural History**

  On August 22, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] (the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

"Vaccine Act" or "Program"). (ECF No. 1). The petition alleged that as a result of an influenza ("flu") vaccination on January 11, 2015, petitioner suffered "a rotator cuff tear to her right shoulder and bursitis. (Petition at 1). The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 13, 2017 the parties filed a joint stipulation stating that the petitioner should be awarded $150,000.00. (ECF No. 24). A decision awarding petitioner damages based on the parties' stipulation was issued on July 14, 2017. (ECF No. 25).

On November 1, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 30). On November 8, 2017 petitioner was ordered to file an amended application for fees and costs due to incomplete billing entries and the lack of supporting documentation relating to petitioner's claim for costs. (ECF No. 31). The undersigned also provided guidance to petitioner's counsel for the purpose of promoting the expeditious evaluation of attorney's application, including suggesting that petitioner's counsel review Section X of the Guidelines for Practice Under the National Vaccine Injury Compensation Program. (*Id.* at 1). The Order set forth specific guidance, including that recovery for time spent researching the Vaccine program is not recoverable, advising against grouping multiple activities into single time entries, and explaining that tasks that can be completed by a paralegal should not be billed at an attorney's rate. (*Id.* at 1-3). Between December 8, 2017 and January 17, 2018, petitioner filed four motions for extension of time to file her amended motion for attorneys' fees and costs. (ECF Nos. 32-35). On January 31, 2018, petitioner filed the amended motion for attorneys' fees and costs. (ECF No. 37). Petitioner requests attorneys' fees in the amount of $43,548.75 and attorneys' costs in the amount of $548.86. (*Id.* at 1). In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $44,097.61.

Respondent did not file a timely response.[3]

---

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Respondent's response was due by February 14, 2018. See ECF No. 37. On March 9, 2018, respondent filed Respondent's Response to Petitioner's Application for Fees and Costs 23 days out of time. (ECF No. 38). In respondent's response, he argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (Id. at 1). Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (Id. at 2). Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." (Id. at 3).

2

## 2. Legal Standard for Awarding Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). Petitioner in this case was awarded compensation; she is therefore entitled to an award of reasonable attorneys' fees and costs.[4]

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. (*Id.* at 1348).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." (*Id.* at 1522). Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06–559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez*, 2009 WL 2568468, at *8. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. *See, e.g.*, *Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2008 WL 5456319, at *4-5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008).

In determining a reasonable number of hours expended, a line-by-line evaluation of the fee application is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24

---

[4] In addition, § 300aa–15(e)(3) states that "[n]o attorney may charge any fee for services in connection with a petition filed under section 300aa–11 of this title which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)." This would include any amounts requested by counsel that the undersigned finds non-compensable.

Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

### 3. Hourly Rates

The undersigned has reviewed the billing records submitted with petitioner's request. Petitioner requests compensation for her attorney, Mr. Fletcher, at a rate of $225.00 per hour for time billed from 2015 – 2017. Mr. Fletcher graduated from Suffolk University Law School in 2014 and has been practicing in the Commonwealth of Massachusetts since 2014. The undersigned finds the requested rate reasonable.

### 4. Reasonable Hours

Mr. Fletcher billed a total of 193.55 hours in this matter.  This case was a straight-forward SIRVA case and no hearings were required.  In the undersigned's experience, the 193.55 hours billed is unreasonable and excessive and shall be reduced. The undersigned finds it necessary to reduce Mr. Fletcher's requested hours for excessive billing for calls with petitioner, billing at the attorney rate for tasks considered paralegal in nature, time spent on unauthorized tasks, and billing for tasks that are non-compensable.

#### a. Excessive Billing

The undersigned finds that petitioners' award should be reduced for excessive billing for calls with petitioner. Mr. Fletcher billed 46 hours for calls updating or speaking with petitioner, resulting in $10,350.00 in requested fees.[5] The majority of these billing entries (32 of 38 billing entries) are a minimum of 1 hour each. As this case was a straight-forward SIRVA case, the length of each call and the quantity of calls with the petitioner is excessive. For example, there are three entries dated August 26, 2015 for a total of 4.5 hours including "Spoke with client RE: Vaccination. Discussed injuries, process, need to get her records." (2 hrs), "Drafted engagement forms for client. Drafted detailed engagement letter. Reviewed. Mailed the above to client with self-addressed, stamped envelope." (1.5 hrs) and "Client called right after getting forms. I went through

---

[5] Petitioner's counsel informed the Court during the October 6, 2016 initial status conference that he is related to the petitioner. Petitioner's counsel was informed that based, on the familiar relationship, respondent may object to an award of fees. Petitioner's counsel was put on notice that attorney's fees may not be recoverable under the act and gave petitioner 30 days to file a substitution of counsel, if desired. (ECF No. 11). No substitution of counsel was filed with the court.

4

what each item meant." (1.0 hrs). (ECF No. 37-1 at 2,[6] *see also* billing records encompassing 4.6 hours in 3 days between November 5, 2015 and November 9, 2015, to discuss petitioner's doctor's appointment and recovery (*Id* at 4-5), and billing records on August 31, 2016 for "Phone call with client, update. Similar as before but more urgent: I need certain wage information, discuss tax returns, disability notes from doctors, etc." (*Id.* at 10)).

For these reasons the undersigned finds the 46 hours of phone calls excessive and reduces the time billed in regards to phone calls by 20%. This results in a **reduction of the requested fees in the amount of $2,070.00**.

### b. Paralegal Work

The undersigned also finds it necessary to reduce Mr. Fletcher's requested hours for time billed on paralegal tasks. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. HHS.*, 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Petitioner requests compensation for 34 hours of work for what is more appropriately categorized as paralegal tasks. For example, On August 28, 2015, Mr. Fletcher billed 1.3 hours for "Sent bills and records requests for all providers. 12 requests total, 6 for records, 6 for bills. Copied to file the 6 requests I mailed. Faxed the other 6 requests and cross checked all fax confirmation sheets to ensure everything went through." (ECF No. 37-1 at 2). On February 8, 2016, Mr. Fletcher billed 1 hour for "Followed up with St. Catherine's to confirm my request received for the bills and records. Asked if they had anesthesia department for separate billing, they confirmed and gave me mailing address and fax. Mailed and faxed request for Anesthesiologist bills." (*Id.* at 5). On October 18, 2016, Mr. Fletcher billed 1.2 hours for "Forwarded 2 more letters of protection to creditor's of providers." (*Id.* at 11).[7] The undersigned shall adjust the necessary entries to the paralegal rate of $145.00 per hour. This results in a reduction of the **requested fees in the amount of $2,720.00**.[8]

---

[6] The undersigned notes that petitioner contacted counsel with questions regarding documents on the same day the documents were reportedly mailed to petitioner. (ECF No. 37-1 at 2).

[7] The undersigned notes that Mr. Fletcher was advised in a scheduling order filed on November 8, 2017, that "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." (ECF 31 at 3).

[8] This total represents the difference between petitioner's counsels' rate of $225.00 per hour and the paralegal rate of $145.00 per hour multiplied by 34 hours; ($225 - $145 * 34 = $2,720.00).

### c. Costs and Billing relating to Unauthorized Expert Fees

The undersigned also find it necessary to reduce Mr. Fletcher's requested hours for unauthorized time spent with regard to researching and obtaining experts. Petitioner was advised in an October 19, 2016 order not to acquire an expert in this case without prior authorization. (ECF No. 11 at 2). The billing records submitted indicate that between December 20, 2016 and January 16, 2017, Mr. Fletcher billed 14.7 hours for research and communications with Dr. Ianotti for the purpose of retaining Dr. Ianotti as an expert witness. [9] Prior approval for retaining an expert was neither sought nor authorized, and Dr. Ianotti never filed an expert report or testified in the case. Thus, the undersigned reduces Mr. Fletcher's fee request for the time spent attempting to obtain an expert in this case.  This results in a **reduction of the fee request by $3,307.50**.

### d. Non-Compensable Billing Entries

The undersigned also find it necessary to reduce Mr. Fletcher's requested hours for tasks that are not compensable, including time spent gaining admission to the bar of the U.S. Court of Federal Claims, internal communications partners in Mr. Fletcher's law firm, and duplicative billing entries.

Mr. Fletcher billed 11.7 hours investigating vaccine injuries, researching shoulder injuries related to vaccine administration ("SIRVA"), securing entry to the Federal Bar, and interviewing multiple attorneys for recommendations of good standing.[10]  "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Therefore the undersigned **reduces the fee request by $2,632.50**.

---

[9] These entries occurred on December 20-21, 2016, January 2 – 5, 2017, January 9-10, 2017, January 12-13, 2017, and January 16, 2017. (ECF No. 37-1 at 13-16).

[10] Examples of these billing entries include 0.3 hours on October 15, 2015 for "began process of applying to Court of Federal Claims. Discovered need two (2) attorneys for either Court of Federal Claims or U.S. Supreme Court." (ECF No 37-1 at 3); 0.7 hours on June 6, 2016 for "Spoke to Atty. Bond. Introduced myself, discussed experience, etc. He informed me about Vaccine Claim fund, Court of Federal Claims, etc." (Id. at 7); 1.0 hours on July 14, 2016 for "Spoke to Colleen Carrol. Introduced myself, discussed experience, etc. She said she would review my application and check for any BBO disciplinary proceedings and if everything was okay, would recommend me for admission to the Court of Federal Claims." (Id. at 8).

Mr. Fletcher also requests compensation for internal communications with "partners" that are not compensable. These communications are described as Mr. Fletcher informing "partners" of billing invoice issues and how they affected the case.[11] For example, on January 26, 2018, Mr. Fletcher billed 0.7 hours for "Met with partners regarding invoices issue and how it affected the case. They understood and instructed me to just file it with what we have and to just take the loss as a lesson for the future." (ECF 37-1 at 24). These communications are non-compensable and the undersigned will **reduce the fee request by $495.00**.

Petitioner's billing records also contain several entries that are duplicative, including:
- Two entries dated October 15, 2015, "Drafted detailed letter to client, Re: status. Reviewed. Mailed to client." (ECF 37-1 at 3);
- Two entries dated March 27, 2017, "Conveyed counter-offer to Respondent." (*Id* at 17);
- Two entries dated September 13, 2017, "Drafted Election to Accept Judgment. Reviewed. Filed." (*Id* at 20.); and
- Two entries dated December 8, 2017, "filed status report and unopposed 7 day extension to amend." (*Id.* at 21.)

Totaled, together the duplicated entries total 2.8 hours of time and therefore the undersigned will **reduce the requested fees by $630.00**.

### e. Scheduling Order (ECF No. 31)

On November 8, 2017 an order was filed informing Mr. Fletcher that his application for fees and costs contained multiple defects, including incomplete billing records, and missing invoices. (ECF No. 31). The scheduling order also set forth detailed instructions on where to find resources to complete the application for fees, along with guidance for attorneys in the vaccine program. This guidance included, but was not limited to, advising against excessive billing and group billing, requesting fees for administrative tasks, and billing paralegal work at an attorney rate. (*Id* at 2-3). It was ordered that an amended application for fees and costs, including any necessary revisions, be filed by no later than December 8, 2017. Between December 8, 2017 and January 17, 2018, petitioner filed four motions for extension of time to file her amended motion for attorneys' fees and costs. (ECF No. 32 -35).

The amended application for fees and costs did not follow the guidance provided by the scheduling order of November 8, 2018. (ECF No. 31). Therefore, the 11.8 hours of

---

[11] These entries occur on January 11, 2018, January 18, 2018 and January 26, 2018 for a total of 2.2 hours. (ECF No. 37-1 at 22-23).

7

time billed after the November 8, 2018 scheduling order[12] shall be reduced by 50%. This time includes requests for extensions, communications with staff attorney or respondent's counsel, contacting providers for missing or lost invoices, and revisions and finalizations of the amended application. **This reduces the fee request in the amount of $1,327.50**.

### 5. Reasonable Costs

Petitioner requests reimbursement for attorney costs in the amount of $584.86. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### 6. Conclusion

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees | $43,548.75 |
| Less Excessive fees | - $2,070.00 |
| Less Rate Adjustment: | - $2,720.00 |
| Less Non-Compensable Fees: | - $3,757.50 |
| Less Irrelevant Fees: | - $3,307.50 |
| Less Fees after ECF No. 31: | - $1,327.50 |
| Adjusted total for attorneys' fees: | $30,366.25 |
| Requested costs: | +$584.86 |
| **Total Attorneys' Fees and Costs Awarded:** | **$30,951.11** |

---

[12] These entries occur on the following dates: December 8, 2017, December 12, 2017, December 14-15, 2017, December 18, 2017, December 22, 2017, December 27-18, 2017, January 5-6, 2018, January 11, 2018, January 17, 2018, January 22-24, 2018, and January 31, 2018. (ECF No. 37-1 at 21-23).

**Accordingly, the undersigned awards the total of $30,951.11[13] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Christopher Davidson Fletcher.**

The clerk of the court shall enter judgment in accordance herewith.[14]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[13] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[14] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.